IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Eddie C. Golson, #303012, | ) | C/A No.: 3:15-4319-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James B. Anderson; James R. Metts; | ) | REPORT AND RECOMMENDATION |
| Brian P. Sterling; Stephanie Willis; | ) | |
| Mary Ann E. Sheha; Nancy J. Skraba; | ) | |
| Robert L. Singleton; and Brian | ) | |
| Currence, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Eddie C. Golson ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Lieber Correctional Institution ("LCI"), a facility of the South Carolina Department of Corrections ("SCDC"). He filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by the following defendants: former Lexington County Sheriff Department ("LCSD") Sheriff James R. Metts ("Metts"), Detective James P. Anderson ("Anderson"), A.I. Robert L. Singleton ("Singleton"), and Captain Brian Currence ("Currence"); South Carolina Law Enforcement Division ("SLED") Forensic Scientist Mary Ann E. Sheha and DNA Database Unit Nancy J. Skraba; SCDC Director Brian P. Sterling ("Sterling") and Inmate Record Director Stephanie Willis ("Willis") (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that

follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff filed this complaint alleging he is being unlawfully detained by SCDC. [ECF No. 1 at 4]. Plaintiff was convicted on first degree burglary and firearm charges. [ECF No. 1-1 at 85]. Plaintiff argues Anderson unlawfully detained and maliciously arrested him without probable cause, intentionally falsified and manufactured a criminal case against Plaintiff, and committed perjury and obstruction of justice. [ECF No. 1 at 4, 14]. Plaintiff claims Metts and Currence ignored his request for help and improperly handled his request for an internal investigation into his claims that LCSD officers fabricated evidence against him. *Id.* at 4–5, 7. Plaintiff claims Currence, Sheha, and Skraba provided misleading and false evidence, falsely testified against Plaintiff at his jury trial, and withheld evidence that would have exonerated him. *Id.* at 7, 9, 11–12. Plaintiff claims Sterling and Willis were put on notice that Plaintiff is being wrongfully imprisoned. *Id.* at 17, 20. Plaintiff claims he wrote several grievances and argues Sterling "knowingly intentionally intended to confine plaintiff without legal authority." *Id.* at 17. Plaintiff claims Willis failed to process his request for a copy of commitment orders and affidavits. *Id.* at 20. Plaintiff argues Willis willfully withheld records and denied him access to the courts so that he could not exhaust all his remedies "that may exonerate him from false imprisonment." *Id.* Plaintiff seeks monetary damages and declaratory and injunctive relief. *Id.* at 5, 7–8, 10, 13, 16, 19–22.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Analysis

#### 1. False Arrest and Imprisonment

Plaintiff's complaint seeks monetary damages and declaratory and injunctive relief for an alleged false arrest and imprisonment. [ECF No. 1]. Such a claim, however, is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The preclusive rule in *Heck* likewise bars declaratory and injunctive relief if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction. *See Edwards v. Balisok*,

4

520 U.S. 641, 648 (1997) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011).

Plaintiff fails to demonstrate or allege that he has successfully challenged his state burglary and firearm convictions and/or sentences. Because Plaintiff has not demonstrated that his convictions and/or sentences have been successfully challenged, any claims he may be attempting to pursue based on his convictions or sentences are barred by *Heck*. The undersigned recommends Plaintiff's false arrest and imprisonment claims be summarily dismissed.[1]

    2.    Denial of Access to Courts

Plaintiff alleges defendants failed to provide him with his inmate records, which denied him access to the courts. [ECF No. 1 at 20]. To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston*

---

[1] To the extent that Plaintiff is also attempting to challenge his confinement, his claims are more properly brought in a petition for a writ of habeas corpus. Both § 1983 and habeas corpus relief provide remedies for claims of unconstitutional treatment at the hands of state officials, but release from prison is not a remedy available under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Id.*

*Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff's claim regarding Defendants' withholding records and his inability to fully exhaust remedies is conclusory and speculative. Accordingly, these allegations are insufficient to demonstrate Defendants' actions prejudiced or impeded any specific non-frivolous legal action. *See Lewis*, 518 U.S. at 351–52 (holding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action). Plaintiff fails to demonstrate an actual injury resulting from Defendants' actions and his access to court claim is subject to summary dismissal.

        3.      Failure to Process Grievances

To the extent Plaintiff alleges Defendants failed to properly respond to his grievances, *see* ECF No. 1 at 17–18, this claim is also subject to summary dismissal. A prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein,* 417 F. App'x. 317, 319 (4th Cir. 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Accordingly, Defendants' alleged failure to appropriately

process or respond to Plaintiff's grievances does not state a cognizable claim under § 1983.[2]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 30, 2015                                             Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Plaintiff also attempts to litigate claims concerning purported violations of the Sarbanes-Oxley Act. [ECF No. 1 at 2]. Because the provisions of the Sarbanes-Oxley Act only apply to protect employees of publicly-traded companies from retaliation for engaging in certain "whistleblowing activities," *see Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008), and Plaintiff does not allege he is an employee of a publicly-traded company, Plaintiff's complaint fails to allege sufficient facts to state a Sarbanes-Oxley claim.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).