IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Eddie C. Golson, ) | |
| ) | C/A No. 3:15-4319-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| James B. Anderson; James R. Metts; Brian ) | |
| P. Sterling; Stephanie Willis; Mary Ann E. ) | |
| Sheha; Nancy J. Skraba; Robert L. ) | |
| Singleton; and Brian Currence, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Eddie C. Golson is an inmate in custody of the South Carolina Department of Corrections who currently is incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. On October 22, 2015, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated in various respects. Specifically, Plaintiff asserts (1) he had been subjected to false arrest and false imprisonment and is unlawfully detained; (2) he was denied meaningful access to the courts; and (3) Defendants failed to properly respond to his grievances.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and issued a Report and Recommendation on October 30, 2015. The Magistrate Judge determined that (1) Plaintiff's claims of false arrest and false imprisonment are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) Plaintiff failed to demonstrate specific injury resulting from the alleged denial of access to the courts, see Lewis v. Casey, 518 U.S. 343 (1996); and (3) Plaintiff has no constitutional right to a grievance process, and

thus Plaintiff failed to state a cognizable claim as to this issue. Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge and incorporates the Report and Recommendation herein by reference. The within complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 30, 2015

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**