IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Eddie C. Golson,<br><br>    Plaintiff,<br><br>vs.<br><br>Detective James B. Anderson of the<br>Lexington County Sheriff's Department<br>and the Lexington County Detention<br>Center, individually and in their official<br>capacities,<br><br>    Defendants. | C/A No. 3:15-4319-MBS<br><br>**O R D E R** |

  Plaintiff Eddie C. Golson is an inmate in custody of the South Carolina Department of Corrections who currently is incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. On October 22, 2015, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated in various respects. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

  The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and issued a Report and Recommendation on October 30, 2015, in which she recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation. By order filed January 5, 2016, the court adopted the Report and Recommendation and summarily dismissed the complaint without prejudice.

  Plaintiff filed a notice of appeal on February 2, 2016. On June 23, 2016, the Court of

Appeals for the Fourth Circuit dismissed the appeal and remanded the case to this court to allow Plaintiff to file an amended complaint. On April 6, 2017, Plaintiff filed a motion to amend his complaint, which the court granted on May 25, 2017. The case was recommitted to the Magistrate Judge.

FACTS

Plaintiff's claims arise under 42 U.S.C. § 1983. In his amended complaint, Plaintiff contends that he was arrested on November 6, 2007, for malicious injury to personal property, public drunkenness, and failure to stop for a police command. Plaintiff was placed in pretrial detention at Defendant Lexington County Detention Center (LCDC). On November 7, 2007, while he was detained, Plaintiff was served with three arrest warrants for burglary-first degree, possession of a weapon during a violent crime, and sale or delivery of a pistol. Plaintiff alleges that on November 19, 2007, he appeared for sentencing and was given credit for time served on the November 6, 2007, charges. However, Plaintiff was not released. Rather, he remained in detention on the November 7, 2007, charges, which he contends were not signed by a judge or affiant but were manufactured by Defendant James B. Anderson for the purpose of keeping Plaintiff confined at LCDC. Plaintiff alleges Defendant Anderson violated his rights under the Fourth, Fifth, and Fourteenth Amendments (Count One); and that LCDC held Plaintiff in custody for ten months on facially invalid arrest warrants, in violation of his rights to due process and equal protection, and that he was subjected to cruel and unusual punishment (Count Two). Plaintiff seeks damages in the amount of $600,000.00. ECF No. 26.

The Magistrate Judge reviewed the amended complaint pursuant to 28 U.S.C. § 1915. On June 13, 2017, the Magistrate Judge issued a Report and Recommendation in which she determined that LCDC, as a building and not a person, is not amenable to suit under § 1983. The Magistrate

Judge further noted that public records revealed Plaintiff had proceeded to a jury trial and been found guilty of the burglary-first degree charges in March 2009. Plaintiff was sentenced to incarceration for a period of twenty-five years. Accordingly, the Magistrate Judge found that Plaintiff's claim for money damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction. The Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process.

Plaintiff filed objections to the Report and Recommendation on June 30, 2017. Plaintiff argues that the November 7, 2007, arrest warrants were invalid and he is entitled to money damages. Plaintiff denies that he is challenging his conviction or sentence.

DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

In stating that he does not challenge his conviction or sentence, it appears Plaintiff misapprehends the holding in Heck. In Heck, the United States Supreme Court addressed the issue of whether a prisoner could seek money damages under § 1983 when the claim could call into question the lawfulness of the conviction or confinement. Heck, 512 U.S. at 483. The Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87.

In this case, an ruling in Plaintiff's favor would call into question the validity of his conviction for burglary-first degree because the conviction would be premised upon an invalid warrant. Plaintiff's objection is without merit.

With respect to LCDC, Plaintiff states only that his claims should not be summarily dismissed. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge regarding LCDC.

## CONCLUSION

The court concurs in the Report and Recommendation and incorporates it herein by reference. The within complaint is summarily dismissed without prejudice and without issuance and service

4

of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>Senior United States District Judge

Columbia, South Carolina

January 30, 2018

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**